UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CHARLES E. SMITH,

    Petitioner,

v.

SANDRA BUTLER, Warden,

    Respondent.

Civil Action No. 6:14-165-DLB

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Charles E. Smith is an inmate confined in the Federal Correctional Institution located in Manchester, Kentucky. Proceeding *pro se*, Smith has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241, challenging the enhancement of his federal sentence as an armed career offender. [R. 1]. Smith requests that his sentence be vacated and that he be resentenced without the armed career offender enhancement. Because Smith has not demonstrated that his available remedy under 28 U.S.C. § 2255 was inadequate and ineffective to challenge his federal sentence, his § 2241 petition will be denied without prejudice and this proceeding will be dismissed.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). The Court must deny a petition if it plainly appears that the petitioner is not entitled to relief. R. Governing § 2254 Cases 4 (rendered applicable to § 2241 petitions by Rule 1(b)). At this stage, the Court must accept Smith's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Smith lacks counsel, the Court must also evaluate his claims leniently. *Id*.

## CRIMINAL LITIGATION HISTORY

In July of 2005, a federal grand jury in Knoxville returned a five-count indictment charging Smith with two counts of possession with intent to distribute five grams or more of a mixture and substance containing cocaine base, in violation of 18 U.S.C. §§ 841(a) and 841(b)(1)(B); two counts of possession with intent to distribute a mixture and substance containing cocaine base, in violation of 18 U.S.C. §§ 841(a) and 841(b)(1)(c); and one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). *United States v. Charles Edward Smith,* Case No. 3:05-cr-074-TAV-HBG-1 (E.D. Tenn. 2005) [R. 3 therein]. Ultimately, Smith entered into a Plea Agreement with the United States, agreeing to plead guilty to Counts 1 and 5 of the indictment, with the United States agreeing to move to dismiss, at sentencing, Counts 2, 3, and 4 of the indictment. [*Id*. at R. 28 therein].

On July 16, 2007, the trial court sentenced Smith to 200 months imprisonment on Count 1, to run concurrent with a 200-month sentence on Count 5, for a total sentence of 200 months. [*Id*. at R. 32 therein]. Smith did not appeal his conviction or sentence. However, on February 22, 2013, Smith filed a motion to vacate his sentence in the trial court pursuant to 28 U.S.C. § 2255. *Id.* at R. 37 therein. The record in Smith's underlying criminal case reflects that his § 2255 motion is still pending.[1] *Id.*

---

[1] Smith's § 2255 motion and the accompanying memorandum in support thereof are docketed in Smith's criminal case at R. 37 and R. 38. *Id.* As of January 15, 2015, there are no subsequent entries in his criminal case, leading this Court to conclude that the motion is still pending.

**CLAIMS ASSERTED IN § 2241 PETITION**

In Smith's habeas petition, he contends that based on a recent decision by the United States Supreme Court, *Descamps v. United States*, ____ U.S. ____, 133 S.Ct. 2276 (2013), he is "actually innocent" of being an armed career offender and that § 2255 is inadequate and ineffective for him to test the legality of the sentence he received under the Armed Career Criminal Act ("ACCA"). Therefore, he submits that he is entitled to proceed with his claim in a § 2241 petition.

**DISCUSSION**

At this time, Smith fails to state a valid habeas claim under § 2241. Title 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

There is, however, one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). "Construing [the savings clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241."

*Terrell*, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

This is an exceedingly narrow exception. The remedy is not "inadequate and ineffective" simply because the prisoner failed to file a prior post-conviction motion under § 2255 or, if he filed a § 2255 motion, was denied relief. *Charles*, 180 F.3d at 756-58. Instead, the Sixth Circuit has held that this exception only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756. At this juncture, it appears that Smith's § 2255 motion is still pending in the trial court; therefore, Smith cannot presently demonstrate that his § 2255 remedy was either inadequate or ineffective to challenge the legality of his federal detention while the § 2255 motion is pending in the district court where he was convicted and sentenced. The Eastern District of Tennessee should be given the full opportunity to address Smith's recently asserted claim that under *Descamps*, he is entitled to be resentenced without the ACCA enhancement. If Smith is unsuccessful on his § 2255 motion, he can then appeal any adverse decision to the Sixth Circuit Court of Appeals.

Thus, Smith's § 2241 habeas petition is premature. *See Brandon v. Holland*, No. 10-CV-117-DLB, 2011 WL 87183, at *1 (E.D. Ky. January 6, 2011); *see also White v. Grondolsky*, No. 06-CV-309, 2006 WL 2385358, at *2 (E.D. Ky. Aug. 17, 2006) (finding that petitioner was not entitled to relief under § 2241 where he was simultaneously litigating the validity of his sentence in a pending § 2255 motion); *Reynolds v. Martinez*, No. 09-CV-2509, 2009 WL 3182918, at *1 (3d Cir. Oct. 6, 2009). Consequently, Smith's § 2241 habeas petition will be denied without prejudice and this action will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. Charles E. Smith's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 1], is **DENIED WITHOUT PREJUDICE**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. The Court shall enter an appropriate judgment.

This 15th day of January, 2015.

Signed By:
*David L. Bunning*  DB
United States District Judge

G:DATA/ORDERS/London/2014/14-165 MOO dismissing 2241